UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARRA ANNE PEREZ,

    Plaintiff,

v.

DONALD TRUMP,

    Defendant.
_____/

Case No. 1:25-cv-52

HON. JANE M. BECKERING

## OPINION AND ORDER

Plaintiff, proceeding *pro se*, initiated this action against President Donald J. Trump, who was then President-elect, by filing a document titled "Motion for Formal Redress of the Electoral College Vote by Congress to Declare Donald J. Trump Ineligible for Presidency of the United States of America" on January 13, 2025 (ECF No. 1). Plaintiff has since filed a supplement to her original filing in this case (ECF No. 9).

On January 14, 2025, the Magistrate Judge issued a Report and Recommendation, recommending that the action be dismissed upon initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B) on standing and jurisdictional grounds. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 8). Also pending before the Court are Plantiff's *pro se* application for electronic filing (ECF No. 10) and Plaintiff's January 29, 2025 motion entitled "Ex Parte Motion Annulment of Presidency" (ECF No. 11). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and

Order.  The Court dismisses Plaintiff's electronic filing application (ECF No. 10) and motion entitled "Ex Parte Motion Annulment of Presidency" as moot.

Objections must address the "factual and legal" issues "at the heart of the parties' dispute" to enable review by the district court.  *Thomas v. Arn*, 474 U.S. 140, 147 (1985).  Objections that dispute only the general correctness of the report and recommendation are insufficient.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (reasoning that where a party files an objection that is not sufficiently specific, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks")).  *See also Brown v. City of Grand Rapids, Mich.*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) ("[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72.").

In this case, the Magistrate Judge concluded that:

> Plaintiff's complaint presents a generalized grievance brought on behalf of the public at large, which is insufficient to establish standing. *See Schlesinger v. Reservists Comm. To Stop the War*, 418 U.S. 208, 216–17 (1974) (abstract injury shared by all citizens fails to establish standing to sue).  Plaintiff fails to allege any "personal stake" in the dispute and has not alleged any injury "particularized as to h[er]." *See Raines v. Byrd*, 521 U.S. 811, 819 (1997).  Thus, the Court lacks jurisdiction over Plaintiff's complaint.

(Report and Recommendation ("R&R"), ECF No. 7 at PageID.41).  Much of Plaintiff's objection cites and discusses several constitutional provisions, constitutional principles, and legal concepts in support of her contention that now-President Trump ought not hold the office of President of the United States (ECF No. 8 at PageID.43–50).  These portions of Plaintiff's objection do not demonstrate any factual or legal error in the Magistrate Judge's analysis.  Plaintiff

2

also objects that it is "false" that she has not experienced an injury sufficient to confer standing to sue (ECF No. 8 at PageID.51).  However, the injuries that Plaintiff describes are generalized grievances brought on behalf of the public at large.  It is well established that such injuries do not support Article III standing.  Non-adherence to the strictures of standing would be incompatible with the rule of law and the lawful exercise of the judicial power.  Accordingly, the Court agrees with the Magistrate Judge's reasoning and ultimate conclusion that Plaintiff lacks standing to sue and thus the Court lacks jurisdiction over this case.

A Judgment will be entered consistent with this Opinion and Order.  *See* Fed. R. Civ. P. 58.  For the above reasons and because this action was filed *in forma pauperis,* this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Judgment would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 8) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 7) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the *pro se* application for electronic filing (ECF No. 10) and motion entitled "Ex Parte Motion Annulment of Presidency" (ECF No. 11) are DISMISSED as moot.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  February 13, 2025                                  /s/ Jane M. Beckering
                                                                         JANE M. BECKERING
                                                                         United States District Judge